IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ROBERT W. CLARK,                    )
                                    )
            Petitioner,             )
                                    )
v.                                  )   Case No. CIV 11-095-RAW-KEW
                                    )
MIKE MULLIN, Warden,                )
                                    )
            Respondent.             )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma, attacks his conviction and sentence in Pittsburg County District Court Case Number CF-1997-494 for Sexual Abuse of a Minor.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 07/09/1999 | Petitioner's direct appeal was affirmed in *Clark v. State*, No. F-1998-258 (Okla. Crim. App. July 9, 1999). |
| 10/07/1999 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 10/07/2000 | Petitioner's statutory year for filing a federal habeas petition expired. |
| 10/22/2003 | Petitioner filed an application for post-conviction relief, which was denied by the Pittsburg County District Court on November 18, 2003. |
| 02/04/2004 | The denial of petitioner's application for post-conviction relief was affirmed in *Clark v. State*, No. PC-2003-1367 (Okla. Crim. App. Feb. 4, 2004). |
| 09/01/2010 | Petitioner filed a second application for post-conviction relief, |

|  |  |
|---|---|
|  | which was denied by the Pittsburg County District Court on September 21, 2010. |
| 01/25/2011 | The OCCA affirmed the denial of petitioner's second application for post-conviction relief in *Clark v. State*, No. PC-2010-997 (Okla. Crim. App. Jan. 25, 2011). |
| 03/16/2011 | Petitioner filed this petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applying the statute to petitioner's case, his deadline for filing a federal habeas corpus petition was October 7, 2000. Because he did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges in his response to the motion to dismiss that the limitation period should be equitably tolled, because he lacked proper representation, and he had to gain access to a prison library, learn to type, and find out how to file a pro se post-conviction application.

2

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Here, the court finds that, apart from his unsupported allegations, there is no evidence in the record to suggest he is actually innocent of the crime of which he stands convicted, or that uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 20th day of December 2011.

_/s/ Ronald A. White_
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE